# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

---

**LIONEL LIM,**

     **Plaintiff**,

  v.

                          Case No: 26-CV-1000

                          JURY TRIAL DEMANDED

**CLIFTONLARSONALLEN, LLP**

     **Defendant**.

---

## COMPLAINT

---

Plaintiff Lionel Lim, by and through his attorneys, Summer H, Murshid and Martha L. Burke of Hawks Quindel, S.C., hereby states his Complaint against Defendant, CliftonLarsonAllen, LLP.

### NATURE OF THE CASE

Lionel Lim ("Mr. Lim") brings this action under Title I of the Americans with Disabilities Act of 1990 ("ADA") to remedy unlawful employment practices because of his disability. Mr. Lim suffers from anxiety, specifically in social settings. He disclosed his disability to his supervisor Jon Trautman ("Mr. Trautman"). Mr. Lim then began the interactive process by requesting to opt out of happy hours and other employer sponsored social events. These events are not mandatory for employees and are not part of the essential functions of Mr. Lim's job. In response, Mr. Trautman mandated that Mr. Lim attend all happy hours and employer sponsored social events.

When Mr. Lim complained about Mr. Trautman's discriminatory behavior to Human Resources, and requested a formal accommodation, he was terminated the next day.

For these reasons as others identified below, Mr. Lim brings this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.,* seeking back pay, compensatory, punitive damages, and attorney's fees and costs from CliftonLarsonAllen for its violations of Mr. Lim's right to equal employment, and unlawful discriminatory and retaliatory employment practices against Mr. Lim. CliftonLarsonAllen's discriminatory, retaliatory and otherwise unlawful conduct was knowing, malicious, willful and wanton and/or showed reckless disregard for Mr. Lim, which has caused and continues to cause Mr. Lim to suffer substantial economic and non-economic damages, severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. § 1331 because this case presents a federal question brought under the ADA.

2. Venue in the District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including the unlawful employment practices alleged herein.

## PARTIES

3. Mr. Lim an adult resident of Portage County in the State of Wisconsin.

4. Defendant CliftonLarsonAllen LLP ("CLA") is a Wisconsin corporation with its principal office located at 220. S. Sith Street, Suite 300 Minneapolis, MN 55402.

## CONDITIONS PRECEDENT

5. Prior to the filing of this Complaint, Mr. Lim filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging violations of the ADA.

6. On March 18, 2026, Mr. Lim received a Notice of Right to Sue from the EEOC.

7. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTS

### Mr. Lim's Disability

8. Mr. Lim has a documented history of anxiety, specifically in social settings.

9. Since November 2022, he has been treating with a psychologist and a psychiatrist.

10. Mr. Lim feels comfortable interacting with individuals in small groups, but experiences anxiety in large group settings.

11. In large group settings Mr. Lim experiences sweating and heart palpitations.

12. As a result, he avoids crowded events and public places such as shopping centers, or social events.

## Background Information

13. On June 3, 2024, CLA hired Mr. Lim as an Audit Associate.

14. At all times relevant Mr. Trautman supervised Mr. Lim.

15. At no point during Mr. Lim's employment did anyone at CLA indicate that Ms. Lim was failing to meet expectations, that there were serious concerns about his work performance, or that a performance improvement plan may be necessary.

16. During all times relevant Mr. Lim was meeting CLA's legitimate expectations.

17. In fact, during Spring of 2025, Mr. Lim's cumulative hours since the beginning of CLA's "busy season" was in top 3 of his department

## Mr. Lim's Employment

18. CLA holds an annual training course for all of its employees.

19. On September 17, 2024, the 2024 training course was held at the CLA Marshfield office.

20. The classroom where the training was held was very crowded, and in fact was not big enough for all attendees to be seated.

21. During the training Mr. Lim felt uncomfortable spending an entire day interacting with strangers.

22. He sweated during the training and experienced heart palpitations.

23. After the training ended, CLA hosted a happy hour which was not mandatory for employees to attend.

24.     Mr. Lim, along with a few other employees, left before the happy hour began.

25.     On September 20, 2024, Mr. Lim met with Mr. Trautman for his weekly supervisory meeting.

26.     During this meeting Mr. Trautman pointed out that Mr. Lim had not attended the CLA happy hour held on September 17, 2024.

27.     Mr. Lim disclosed to Mr. Trautman that he had anxiety in social settings, and struggled to be in large groups of strangers.

28.     Mr. Lim explained that as a result of his anxiety and the toll the training took on him, he opted to not attend the happy hour as it was not mandatory.

29.     Mr. Trautman thanked Mr. Lim for disclosing his disability and told Mr. Lim that he had family members with similar conditions.

30.     However, shortly after this conversation Mr. Trautman began to push Mr. Lim to "move out of his comfort zone" in their weekly supervisory meetings.

31.     By January 2025, Mr. Trautman began to request that Mr. Lim attend more happy hours and eat lunch with his coworkers in the office.

32.     Even if Mr. Lim himself was not eating lunch, Mr. Trautman instructed Mr. Lim that he needed to go to the office kitchen to greet his coworkers who were eating lunch.

33.     While he felt uncomfortable, Mr. Lim followed Mr. Trautman's directives.

34. On April 4, 2025 Managing Principle Joan Carroll ("Ms. Carroll") visited the CLA Steven's Point office.

35. At approximately 4:30PM Ms. Carroll walked around the office and asked the employees to go out to a happy hour.

36. On that day, Mr. Lim had a migraine.

37. When Ms. Carroll reached Mr. Lim's desk, he informed her that he was not feeling well and hoped to return home after he finished working.

38. On April 11, 2025, Mr. Lim had a supervisory meeting with Mr. Trautman.

39. Mr. Trautman told Mr. Lim that he had received reports from others that Mr. Lim never attended happy hours or group lunches.

40. Mr. Trautman was specifically irate that Mr. Lim had declined Ms. Carroll's happy hour.

41. Expressing his dissatisfaction, Mr. Trautman said to Mr. Lim, I don't have to give a fuck about tax people. I don't have to join their shit. Why do you think I do that? Because we're all in the same company. Joan is the Managing Principal of Stevens Point but you declined her invite. She was like, I asked him to join and he said no. What the fuck?

42. In this same meeting Mr. Trautman accused Mr. Lim of "looking unhappy" and "not wanting his job."

43. At the end of this meeting Mr. Trautman told Mr. Lim that happy hours and other company social gatherings would now be requirements.

44. After this meeting, Mr. Lim experienced a mental health crisis that led to hospitalization.

45. On April 19, 2025, Mr. Lim filed a report with Human Resources representative Elizabeth Treacy ("Ms. Treacy") regarding Mr. Trautman's behavior.

46. Specifically, Mr. Lim reported that Mr. Trautman had now made happy hours and other social gatherings mandatory.

47. In response Ms. Treacy suggested that Mr. Lim was not a good fit with the company and suggested that he resign instead.

48. Mr. Lim did not resign.

49. On Friday, April 19, 2025 at 4:00PM, Mr. Lim sent an official request for an accommodation to Ms. Treacy and another Human Resources representative.

50. Mr. Lim requested, "to be allowed to be exempt from social activities outside the scope of my job duties at hand."

51. Human Resources did not respond to Mr. Lim's accommodation request on April 19, 2025.

52. The next business day (Monday), April 21, 2025, at 8:00AM, CLA terminated Mr. Lim.

## FIRST CAUSE OF ACTION

### (Failure to Accommodate in Violation of the ADA)

53. Mr. Lim incorporates all other paragraphs by reference.

54. Since September 2024, CLA has engaged in employment practices that violate the ADA, 42 U.S.C. § 12101 *et seq.*

55. At all times relevant, Mr. Lim was a qualified individual under the ADA because he was an employee who, with a reasonable accommodation, could perform the essential functions of his job as an Audit Associate. 42 U.S.C. § 12111(8).

56. Mr. Lim's anxiety substantially limits his ability to work and qualifies as a disability under 42 U.S.C. § 12102(1)(A).

57. CLA knew of Mr. Lim's anxiety.

58. Mr. Lim requested that CLA provide the reasonable accommodation for his disability that he be permitted to opt out of happy hours and other employer sponsored social gatherings.

59. Attending happy hours and social gatherings are not essential functions of Mr. Lim's position as Audit Associate.

60. Attending happy hours and social gatherings are not required for other CLA employees.

61. CLA could have reasonably accommodated Mr. Lim's disability by not requiring him to attend happy hours and other social functions.

62. However, CLA failed to provide this reasonable accommodation, in violation of 42 U.S.C. § 12112(b)(5)(A).

63. As a direct and proximate result of CLA's unlawful and discriminatory conduct in violation of the ADA, Mr. Lim suffered and continues to suffer monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

64. As a direct and proximate result of CLA's unlawful discriminatory and harassing conduct in violation of the ADA, Mr. Lim has suffered and continues to suffer, severe mental anguish and emotional distress, including but not limited depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

65. CLA's unlawful discriminatory and harassing conduct constitutes a willful and wanton violation of ADA, was outrageous and malicious, was intended to injure Mr. Lim, and was committed with the conscious disregard of Mr. Lim's civil rights, entitling Mr. Lim to an award of punitive damages.

## SECOND CAUSE OF ACTION

### (Retaliation in Violation of the ADA)

66. Mr. Lim engaged in protected activity when he reported Mr. Trautman to Human Resources and requested a reasonable accommodation for his disability.

67. CLA retaliated against Mr. Lim by terminating him because he engaged in protected activity, in violation of 42 U.S.C. § 12112(a).

68. As a direct and proximate result of CLA's unlawful and discriminatory conduct in violation of the ADA, Mr. Lim suffered and continues to suffer monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

69. As a direct and proximate result of CLA's unlawful discriminatory and harassing conduct in violation of the ADA, Mr. Lim has suffered and continues to

suffer, severe mental anguish and emotional distress, including but not limited

depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and

self-confidence, and emotional pain and suffering for which he is entitled to an

award of monetary damages and other relief.

70.     CLA's unlawful discriminatory and harassing conduct constitutes a

willful and wanton violation of ADA, was outrageous and malicious, was intended to

injure Mr. Lim, and was committed with the conscious disregard of Mr. Lim's civil

rights, entitling Mr. Lim to an award of punitive damages.

<u>**REQUEST FOR RELIEF**</u>

WHEREFORE, Mr. Lim seeks the following relief as provided by law:

(1) An Order finding that CLA violated the ADA;

(2) An Order directing CLA to make Mr. Lim whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

(3) An Order directing CLA to make Mr. Lim whole by providing compensatory damages to compensate him for past and future non-pecuniary losses including, but not limited to, emotional pain, suffering, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, inconvenience, and mental anguish resulting from the unlawful practices complained of in the foregoing paragraphs in amounts to be determined at trial;

(4) An award of punitive damages;

(5) Costs and reasonable attorney's fees in amounts to be determined by the Court in accordance with 42 U.S.C. § 12101, *et. seq.* and;

(6) Such other further legal and equitable relief as the Court may deem appropriate.

Dated: June 4, 2026

Respectfully submitted,

*s/ Summer H. Murshid*
Summer H. Murshid
State Bar No. 1075404
Martha Burke
State Bar No 1121510

Hawks Quindel, S.C.
5150 North Port Washington Road
Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
E-mail: smurshid@hq-law.com
mburke@hq-law.com
Attorneys for Plaintiff